Argued and submitted March 21, 2012, affirmed March 13, petition for review denied July 25, 2013 (353 Or 868)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RICHARD FERRY,
*Defendant-Appellant.*

### Washington County Circuit Court
C092400CR; A146648

298 P3d 63

Bronson D. James argued the cause for appellant. With him on the brief was JDL Attorneys LLP.

Janet A. Klapstein, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

DUNCAN, J.

**DUNCAN, J.**

In this criminal case, defendant appeals the trial court's judgment of conviction and sentence, assigning error to the trial court's admission of a letter.[1] The letter was hearsay, but the trial court admitted it pursuant to the hearsay exception set out at OEC 803(18a)(b), which applies, *inter alia*, to certain statements concerning acts of abuse.[2] On appeal, defendant argues that the exception did not apply to all of the statements in the letter. Because defendant did not preserve that argument, we do not reach it, and we affirm.

Defendant was charged with several counts of first-degree sexual abuse, ORS 163.427, and third-degree sexual abuse, ORS 163.415, for crimes committed against two child victims, S and C. At trial, the prosecutor sought to have each of the victims read a letter that she had written to the district attorney's office shortly after defendant was charged. In the letter at issue on appeal, S explained her reasons for pursuing the prosecution.[3] Specifically, she explained that she had been encouraged by statements made by a school official and a police officer. The letter stated, in part:

"This has been a difficult challenge for me to overcome. I had learn a important lesson from this. I learn from one

---

[1] We reject defendant's other assignments of error without discussion.

[2] OEC 803(18a) provides, in part, that the following is excepted from OEC 802's general exclusion of hearsay evidence:

"(a) A complaint of sexual misconduct, complaint of abuse as defined in ORS 107.705 or 419B.005 * * *, made by the witness after the commission of the alleged misconduct or abuse at issue. Except as provided in paragraph (b) of this subsection, such evidence must be confined to the fact that the complaint was made.

"(b) A statement made by a person concerning an act of abuse as defined in ORS 107.705 or 419B.005 * * * is not excluded by [OEC 802] if the declarant either testifies at the proceeding and is subject to cross-examination, or is unavailable as a witness but was chronologically or mentally under 12 years of age when the statement was made or was 65 years of age or older when the statement was made. * * *

"* * * * *

"(c) This subsection applies to all civil, criminal and juvenile proceedings.

"(d) This subsection applies to a child declarant, a declarant who is an elderly person as defined in ORS 124.050 or an adult declarant with a developmental disability. * * *"

[3] The relevance of the letter is not at issue on appeal.

of my school official and detective of the Hillsboro Police Department. They both said, 'It not your fault and your some brave little girl.' Another things that my school official said, 'Keep your head up and don't let people put your head down.' I so grateful that I have important people believe my story."

The prosecutor asserted that, although the letter was hearsay, it was admissible under "the exception for child hearsay statements," OEC 803(18a)(b). Defendant objected to the admission of the letter, advancing three arguments: (1) the letter was hearsay and the officials' statements quoted in the letter were double hearsay, OEC 801; OEC 802;[4] (2) the officials were not identified, so they could not be cross-examined, in violation of defendant's right to confront witnesses, US Const, Amend VI; Or Const, Art I, § 11; *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004); and (3) the officials' statements amounted to vouching for S's credibility, so they were inadmissible under OEC 403, *see, e.g.*, *State v. Southard*, 347 Or 127, 218 P3d 104 (2009); *State v. Milbradt*, 305 Or 621, 756 P2d 620 (1988); *State v. Middleton*, 294 Or 427, 657 P2d 1215 (1983).[5]

As to the first argument, defendant contended that the officials' statements were "plain old hearsay contained within the hearsay that's the letter and so we'd object to that part being offered." In response to that objection, the prosecutor asserted:

"The whole letter is * * * an exception, so maybe there's double hearsay in there because she's saying what someone else told her. My response would be we're offering it for the effect on the listener.

"This letter and these statements in that letter that are included from the officers or whoever else at her school go to show her motivations in coming forward and her motivations in continuing to come forward with the case.

---

[4] OEC 801(3) defines "hearsay," with exceptions not relevant here, as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." OEC 802 provides that "[h]earsay is not admissible except as provided in [OEC 801 to 806] or as otherwise provided by law."

[5] On appeal, defendant does not renew the second or third argument, and we do not address those issues.

"* * * * *

"So the statements in that letter about how basically she's being encouraged by people at her school to basically keep her head up and to be brave and to tell the truth, those are * * * not hearsay. They're statements that are offered to show (a) the effect on her, as the listener, which is her motivation to come forward; and (b) that she is coming forward because of that."

Thus, the prosecutor first asserted that the letter itself fell within OEC 803(18a)(b). Then he asserted that the officials' statements in the letter were not double hearsay because they were not offered to prove the truth of the matters asserted—*viz.*, that S was not at fault, that she was brave, and that she was telling the truth. *See* OEC 801(3) (hearsay is "offered in evidence to prove the truth of the matter asserted"). Rather, they were offered to prove why S had decided to come forward with her allegations.

Defendant did not challenge either of the prosecutor's assertions: that the letter fell within OEC 803(18a)(b) or that the officials' statements were not being offered to prove the truth of the matters asserted. Instead, defendant moved to his second argument, contending that admission of the officials' statements violated his right to confront witnesses because the officials were unidentified and, consequently, could not be cross-examined.

Ultimately, the trial court concluded that, although the letter was hearsay, it was not barred by OEC 802 because it fell within OEC 803(18a)(b). As to the officials' statements, which defendant contended were double hearsay, the court agreed with the prosecutor that they were not double hearsay because they were introduced for their effect on S, not for the truth of the matters asserted. The court admitted the letter and, subsequently, defendant was convicted.[6]

Defendant appeals, arguing that the trial court erred in admitting the part of the letter that contains the officials' statements because the statements are not admissible under

---

[6] The court rejected defendant's arguments regarding confrontation of the officer-declarants and regarding vouching. As noted, defendant does not renew those arguments on appeal.

OEC 803(18a)(b) as statements concerning acts of abuse. Defendant asserts that the legislature intended OEC 803(18a)(b) to provide an exception to the general hearsay prohibition for statements *by* victims of abuse, not for statements by others, like police officers, *to* victims of abuse. Thus, he contends that the trial court erred in concluding that the whole letter fell within the exception set out in OEC 803(18a)(b).

That argument is not preserved. As explained above, before the trial court, when defendant asserted that the letter was hearsay and the officials' statements were double hearsay, the prosecutor responded that, although the letter was hearsay, it was admissible under OEC 803(18a)(b) and the officials' statements were not double hearsay because they were not offered for the truth of the matters asserted. Defendant did not challenge the prosecutor's assertion that OEC 803(18a)(b) applied; instead, he moved on to his arguments that admission of the officials' statements violated his right to confront witnesses and that the statements amounted to vouching.

By contrast, on appeal, defendant challenges the admissibility of the letter under OEC 803(18a)(b), contending that OEC 803(18a)(b) does not cover statements made by anyone other than the victim of abuse. He did not make that argument below, and, under our case law, his failure to do so precludes us from reaching it. *See State v. Wilson*, 323 Or 498, 512, 918 P2d 826 (1996), *cert den*, 519 US 1065, 117 S Ct 704, 136 L Ed 625 (1997) (the defendant's objection to the admission of a hearsay statement under OEC 804(3)(c)—which establishes an exception to the hearsay rule for statements against the declarant's interest when the declarant is unavailable—on the ground that the statement did not qualify as a statement against the declarant's interest did not preserve the defendant's appellate argument that the statement was inadmissible because the declarant was not "unavailable as a witness," OEC 804(1), (2)); *State ex rel Juv. Dept. v. K. S.*, 229 Or App 50, 55, 209 P3d 845, *rev den*, 347 Or 259 (2009) (the youth's objection to the admission of a hearsay statement on the ground that the state had failed to satisfy one requirement for admission did not preserve

the youth's appellate argument that the state had failed to satisfy a different requirement for admission).

Affirmed.